**NOTICE TO THE UNITED STATES**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION OF MULTI-CIRCUIT PETITIONS FOR REVIEW**

| | |
|---|---|
| **IN RE:** ENDANGERED SPECIES COMMITTEE ORDER GRANTING AN EXEMPTION FOR GULF OF AMERICA OIL AND GAS ACTIVITIES (Apr. 3, 2026); DOUG BURGUM, in his official capacity as Secretary of the Interior and Chairman of the Endangered Species Committee, BROOKE ROLLINS, in her official capacity as Secretary of Agriculture and a member of the Endangered Species Committee, DANIEL DRISCOLL, in his official capacity as Secretary of the Army and a member of the Endangered Species Committee, PIERRE YARED, in his official capacity as Acting Chair of the Council of Economic Advisors and a member of the Endangered Species Committee, LEE ZELDIN, in his official capacity as Administrator of the Environmental Protection Agency and a member of the Endangered Species Committee, NEIL JACOBS, in his official capacity as Administrator of the National Oceanic and Atmospheric Administration and a member of the Endangered Species Committee | MDL No. ___ |

Pursuant to 28 U.S.C. § 2112(a)(3) and the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, the Endangered Species Committee, Doug Burgum, in his official capacity as Secrtary of the Interior, Brooke Rollins, in her official capacity as Secretary of Agriculture, Daniel Driscoll, in his official capacity as Secretary of the Army, Pierre Yared, in his official capacity as Acting Chair of the Council of Economic Advisors, Lee Zeldin, in his official capacity as Administrator of the Environmental Protection Agency, and Neil Jacobs, in his official capacity as Administrator of the National Oceanic and Atmospheric Administration (Federal

1

Respondents) hereby notify the United States Judicial Panel on Multidistrict Litigation of two petitions for review of the same final agency action.

The challenged final agency action is the Endangered Species Committee's Order granting an exemption from certain requirements of the Endangered Species Act for Gulf of America Oil and Gas Activities. As required by 50 C.F.R. § 453.03(b), the Order was published in the Federal Register on April 3, 2026, at 91 Fed. Reg. 16966, 16967.

These petitions were filed in two different courts of appeals within ten days after issuance of the agency action on April 3, 2026, and received by the Federal Respondents from the petitioners within the applicable ten-day period as shown on the attached schedule (Exhibit 1). A copy of each of the petitions is attached.

Respectfully submitted,

/s/ *Christopher Anderson*

ADAM R.F. GUSTAFSON
 *Principal Deputy Assistant Attorney General*
ROBERT N. STANDER
 *Deputy Assistant Attorney General*
CHRISTOPHER ANDERSON
 *Attorney*
Environment and Natural Resources Div.
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 598-1971 (tel)
(202) 353-1873 (fax)
christopher.anderson3@usdoj.gov

April 16, 2026
90-8-6-08847

**EXHIBIT 1**

**SCHEDULE REQUIRED BY RULE 25.2
OF THE RULES OF PROCEDURE OF THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

Date of issuance by Federal Register publication: April 3, 2026 (91 Fed. Reg. 16966)

| Case Name | Circuit Court | Docket Number | Filing Date | Date Received by the Committee |
|---|---|---|---|---|
| **Natural Resources Defense Council, Inc. v. Douglas Burgum**, Secretary of the Interior, in his official capacities as Chair and Member of the Endangered Species Committee; Brooke Rollins, Secretary of Agriculture, in her official capacity as a Member of the Endangered Species Committee; Daniel Driscoll, Secretary of the Army, in his official capacity as a Member of the Endangered Species Committee; Pierre Yared, Acting Chair of the Council of Economic Advisors, in his official capacity as a Member of the Endangered Species Committee; Lee Zeldin, Administrator of the Environmental Protection Agency, in his official capacity as a Member of the Endangered Species Committee; Neil Jacobs, Administrator of the National Oceanic and Atmospheric Administration, in his official capacity as a Member of the Endangered Species Committee | DC Circuit | 26-1079 | April 3, 2026 | April 10, 2026 |
| **American Energy Association v. Doug Burgum**, Secretary of the Interior, in his official capacities as Chair and Member of the Endangered Species Committee; Brooke Rollins, Secretary of Agriculture, in her official capacity as a | Fifth Circuit | 26-60240 | April 13, 2026 | April 13, 2026 |

1

| | | | | |
|---|---|---|---|---|
| Member of the Endangered Species Committee; Daniel Driscoll, Secretary of the Army, in his official capacity as a Member of the Endangered Species Committee; Pierre Yared, Acting Chair of the Council of Economic Advisors, in his official capacity as a Member of the Endangered Species Committee; Lee Zeldin, Administrator of the Environmental Protection Agency, in his official capacity as a Member of the Endangered Species Committee; Neil Jacobs, Administrator of the National Oceanic and Atmospheric Administration, in his official capacity as a Member of the Endangered Species Committee | | | | |

**PROOF OF SERVICE**

I hereby certify that on April 16, 2026, a copy of the foregoing Notice to the United States Judicial Panel on Multidistrict Litigation of Multi-Circuit Petitions for Review was served by CM/ECF to the following courts:

Clerks of Court

    Lyle W. Cayce
    Clerk of Court
    U.S. Court of Appeals for the Fifth Circuit
    F. Edward Hebert Building
    600 S. Maestri Place
    New Orleans, LA 70130

    Clifton Cislak
    Clerk of Court
    U.S. Court of Appeals for the D.C. Circuit
    333 Constitution Avenue, N.W.
    Washington, DC 20001

Copies of the foregoing Notice were also served on [date] by CM/ECF on the following counsel:

    James Conde
    Boyden Gray, PLLC
    800 Connecticut Avenue, N.W.
    Suite 900
    Wahington, DC 20006
    (646) 266-4011
    jconde@boydengrayassociates.com

    *Counsel for Petitioner American Energy Association*

    [service list continued on next page]

1

Kate Desormeau
National Resources Defense Council
111 Sutter Street
21st Floor
San Francisco, CA 94104
(415) 875-6158
kdesormeau@nrdc.org

*Counsel for Petitioner Natural Resources Defense Council, Inc.*

/s/ *Christopher Anderson*
CHRISTOPHER ANDERSON
  *Counsel for the Federal Respondents*

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | | |
|---|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC., | ) ) ) | |
| *Petitioner*, | ) ) | Case No. 26-1079 |
| v. | ) ) | |
| DOUG BURGUM, Secretary of the Interior, in his official capacities as CHAIR and MEMBER of the ENDANGERED SPECIES COMMITTEE; | ) ) ) ) ) | |
| BROOKE ROLLINS, Secretary of Agriculture, in her official capacity as a MEMBER of the ENDANGERED SPECIES COMMITTEE; | ) ) ) ) ) | |
| DANIEL DRISCOLL, Secretary of the Army, in his official capacity as a MEMBER of the ENDANGERED SPECIES COMMITTEE; | ) ) ) ) | |
| PIERRE YARED, Acting Chair of the Council of Economic Advisors, in his official capacity as a MEMBER of the ENDANGERED SPECIES COMMITTEE; | ) ) ) ) ) | |
| LEE ZELDIN, Administrator of the Environmental Protection Agency, in his official capacity as a MEMBER of the ENDANGERED SPECIES COMMITTEE; and | ) ) ) ) ) | |
| NEIL JACOBS, Administrator of the National Oceanic and Atmospheric Administration, in his official capacity as a MEMBER of the ENDANGERED SPECIES COMMITTEE, | ) ) ) ) ) ) | |
| *Respondents*. | ) ) ) | |

## PETITION FOR REVIEW

Pursuant to Federal Rule of Appellate Procedure 15(a), Petitioner Natural Resources Defense Council, Inc., petitions for review of a final action, entitled "Notice," published by Respondents in the Federal Register on April 3, 2026, at 91 Fed. Reg. 16966. A copy of the final action is attached to this petition.

In the challenged action, Respondents—purporting to exercise the authority of the Endangered Species Committee "pursuant to section 7(h)" of the Endangered Species Act, 16 U.S.C. § 1536(h)—"grant[ed] an exemption from the requirements of the Endangered Species Act for Gulf of America Oil and Gas Activities." 91 Fed. Reg. at 16966. Respondents stated that "[t]his decision and order are effective immediately." *Id.* Respondents further opined that "any person may obtain judicial review of this decision, which is made under 16 U.S.C. § 1536(h), 'in the United States Court of Appeals for . . . any circuit wherein the agency action concerned will be, or is being, carried out,'" citing 16 U.S.C. § 1536(n), and that such review should proceed "exclusively in the U.S. Courts of Appeals for the Fifth or Eleventh Circuits." 91 Fed. Reg. at 16967.

Petitioner will argue that Respondents misread the statute. Respondents did not, in fact, conduct a formal adjudication under section 7(g) and render a decision on the record pursuant to section 7(h), 16 U.S.C. §§ 1536(g)-(h), which would be subject to judicial review under section 7(n), *id.* at § 1536(n). Instead, Respondents acted under section 7(j), 16 U.S.C. § 1536(j), and granted an exemption based on the Secretary of Defense's notification that he "found it necessary for reasons of national security that the Endangered Species Committee grant an exemption from the Endangered Species Act's requirements," 91 Fed. Reg. at 16966, without complying with the requirements of section 7(g) and 7(h). *Id.* Because Respondents' action was

2

not a "decision of the Endangered Species Committee under []section [7](h)," 16 U.S.C. § 1536(n), it is not subject to the judicial review provisions of section 7(n).

Petitioner therefore believes that judicial review of Respondents' action is proper, *not* in the courts of appeals pursuant to 16 U.S.C. § 1536(n), but rather in the district court pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 704, 706. Petitioner has filed a complaint in the district court. *See NRDC v. Burgum*, No. 26-cv-1116-RC (D.D.C. filed Apr. 1, 2026). However, in light of Respondents' contention that judicial review is available only in the courts of appeals pursuant to section 7(n), 16 U.S.C. § 1536(n), Petitioner hereby files this protective petition for review. Assuming section 7(n) applies, venue is proper in this Circuit—notwithstanding Respondents' argument to the contrary—because any agency action concerned "will be, or is being, carried out outside of any circuit," on the outer continental shelf, per 16 U.S.C. § 1536(n).

Petitioner has sent copies of the Petition for Review and attachments via U.S. first-class certified mail to the clerk for service on Respondents as required by Federal Rule of Appellate Procedure 15(c)(3).

Dated: April 3, 2026

Respectfully submitted,

/s/ *Kate Desormeau*
Kate Desormeau (D.C. Cir. Bar No. 53097)
NATURAL RESOURCES DEFENSE COUNCIL, INC.
111 Sutter Street, 21st Floor
San Francisco, CA 94104
(415) 875-6100
kdesormeau@nrdc.org

[Continued for additional counsel]

Sitara Witanachchi*
Erik Van de Stouwe*
Jared Solomon*
NATURAL RESOURCES DEFENSE
COUNCIL, INC.
1152 15th Street NW, Suite 300
Washington, DC 20005
(202) 289-6868
switanachchi@nrdc.org
evandestouwe@nrdc.org
jsolomon@nrdc.org

*Application for admission forthcoming

Counsel for Natural Resources Defense
Council, Inc.

USCA Case #26-1059     Document #2160090     Filed 04/03/2026     Page 15 of 86

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | | |
|---|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC., | ) ) ) | |
| *Petitioner*, | ) ) | Case No. 26-____ |
| v. | ) ) | |
| DOUG BURGUM, Secretary of the Interior, in his official capacities as CHAIR and MEMBER of the ENDANGERED SPECIES COMMITTEE, *et al.*, | ) ) ) ) ) ) | |
| *Respondents*. | ) ) ) | |

### RULE 26.1 DISCLOSURE STATEMENT

In accordance with Rule 26.1 of the Federal Rules of Appellate Procedure and D.C. Circuit Rule 26.1, Petitioner makes the following disclosures:

Petitioner Natural Resources Defense Council (NRDC) is a non-profit environmental and public health organization committed to protecting the public and the environment through research and advocacy. NRDC has no parent corporation, and no publicly held corporation has a ten percent or greater ownership interest in NRDC.

Dated: April 3, 2026                                             Respectfully submitted,

                                                                          */s/ Kate Desormeau*
                                                                          Kate Desormeau

**CERTIFICATE OF SERVICE**

In accordance with Federal Rule of Appellate Procedure 25, the undersigned certifies that, on April 3, 2026, copies of this Petition for Review, Rule 26.1 Disclosure Statement, and attachments were served on the following Respondents and their counsel via U.S. first-class mail certified mail:

DOUG BURGUM
Secretary of the Interior
1849 C Street NW
Washington, D.C. 20240

BROOKE ROLLINS
Secretary of Agriculture
1400 Independence Ave SW
Washington, D.C. 20250

DANIEL DRISCOLL
Secretary of the Army
101 Army Pentagon
Washington, D.C. 20310

PIERRE YARED
Acting Chair of the Council of Economic Advisors
1600 Pennsylvania Ave NW
Washington, D.C. 20500

LEE ZELDIN
Administrator of the Environmental Protection Agency
1200 Pennsylvania Ave NW
Washington, D.C. 20460

NEIL JACOBS,
Administrator of the National Oceanic and Atmospheric Administration,
1401 Constitution Ave NW
Washington, D.C. 20230

Dated: April 3, 2026                                Respectfully submitted,

                                                            */s/ Kate Desormeau*
                                                            Kate Desormeau

**16966** **Federal Register** / Vol. 91, No. 64 / Friday, April 3, 2026 / Notices

Institutes of Health, Rockledge II, 6701 Rockledge Drive, Bethesda, MD 20892 which was published in the **Federal Register** on March 27, 2026, FR Doc No. 2026–059579, FR 14861.

This meeting is being amended to change the meeting date from April 16th–April 17th 2026 to July 9th–July 10th 2026. The meeting is closed to the public.

Dated: March 31, 2026,

**Rosalind M. Niamke,**
*Program Analyst, Office of Federal Advisory Committee Policy.*

[FR Doc. 2026–06486 Filed 4–2–26; 8:45 am]

**BILLING CODE 4140–01–P**

## DEPARTMENT OF THE INTERIOR

## DEPARTMENT OF THE ARMY

## ENVIRONMENTAL PROTECTION AGENCY

## DEPARTMENT OF AGRICULTURE

## DEPARTMENT OF COMMERCE

### Endangered Species Committee

**AGENCY:** Office of the Secretary, Interior; Department of the Army; Environmental Protection Agency; Department of Agriculture; Council of Economic Advisors, Executive Office of the President; Department of Commerce.

**ACTION:** Notice.

**SUMMARY:** The Endangered Species Committee held a public meeting on Tuesday, March 31, 2026, in Washington, DC, to address the Secretary of War's finding that it is necessary for reasons of national security to exempt Gulf of America Oil and Gas Activities (defined below) from the requirements of the Endangered Species Act. By unanimous vote, the Committee exempted under section 7(h) of the Endangered Species Act the Gulf of America Oil and Gas Activities, which include the avoidance or minimization measures described in the National Marine Fisheries Service's (NMFS) 2025 biological opinion and in the U.S. Fish and Wildlife Service's (FWS) 2018 and 2025 consultation decisions.

**SUPPLEMENTARY INFORMATION:** A notice in the March 16, 2026 **Federal Register**, 91 FR 12672, advised that the Secretary of the Interior, who is also the Chairman of the Endangered Species Committee, had called a meeting of the Endangered Species Committee for Tuesday, March 31, 2026, in Washington, DC, with the meeting open to the public through livestreaming.

### Decision

On March 13, 2026, the Chairman of the Endangered Species Committee received from the Secretary of War a March 13, 2026 Letter regarding the Endangered Species Act. The Secretary of War notified the Chairman that he found it necessary for reasons of national security that the Endangered Species Committee grant an exemption from the Endangered Species Act's requirements for the agency action reviewed in NMFS's 2025 biological opinion and in FWS's 2018 and 2025 consultation decisions. That agency action is defined in the Secretary of War's National Security Findings (paragraphs 90 and 103) and covers all oil and gas exploration, development, and production activities associated with the Bureau of Ocean Energy Management's (BOEM) and the Bureau of Safety and Environmental Enforcement's (BSEE) Outer Continental Shelf Oil and Gas Program.[1] The agency action is referred to here as ''Gulf of America Oil and Gas Activities.'' The Gulf of America Oil and Gas Activities include both the oil and gas exploration, development, and production activities, as well as the avoidance or minimization measures that are described in the agency action analyzed in NMFS's 2025 biological opinion and in FWS's 2018 and 2025 consultation decisions.

Section 7(j) of the Endangered Species Act provides: ''Notwithstanding any other provision of this chapter, the Committee shall grant an exemption for any agency action if the Secretary of [War] finds that such exemption is necessary for reasons of national security.'' 16 U.S.C. 1536(j). The Secretary of War, after making this finding, requested that the Chairman convene a meeting of the Endangered Species Committee as soon as practicable to grant an exemption to safeguard and protect the national security. The Chairman then called a meeting for March 31, 2026, and the Committee convened that day.

Based on the Secretary of War's National Security Findings, the Committee grants pursuant to section 7(h) an exemption from the requirements of the Endangered Species Act for Gulf of America Oil and Gas Activities. 16 U.S.C. 1536(h). With this exemption, the federal agencies implementing the Gulf of America Oil and Gas Activities are not required to comply with the section 7(a)(2) procedural consultation and substantive

---

[1] The Secretary of War attached his National Security Findings to the March 13 Letter that he sent to the Chairman.

''jeopardy'' and ''adverse modification'' mandates when they authorize, fund, or carry out covered agency actions. 16 U.S.C. 1536(h). Further, any action that would ordinarily be considered a take shall not be prohibited under the Endangered Species Act. 16 U.S.C. 1536(o)(1). This exemption applies to the full scope of the Gulf of America Oil and Gas Activities, and for the duration of those actions. Because the covered agency action includes robust avoidance or minimization measures, those measures shall continue to be implemented under this Order.

The Committee recognizes that the Endangered Species Act sets out a process for the Committee to consider an application for an exemption and standards for the Committee to apply when considering an application. 16 U.S.C. 1536(g), (h)(1). The Committee concludes that these other provisions of Section 7, including the application requirements and standards, do not apply when the Secretary of War finds that an exemption is necessary for reasons of national security. When the Secretary of War makes such a finding, the statute and regulations require the Committee to grant an exemption ''[n]otwithstanding any other provision of this chapter.'' 16 U.S.C. 1536(j); 50 CFR 453.03(d). ''[A]ny other provision'' includes the application requirements and standards, and all other provisions in the Endangered Species Act.

The Endangered Species Act also states: ''If the Committee determines under subsection (h) that an exemption should be granted with respect to any agency action, the Committee shall issue an order granting the exemption and specifying the mitigation and enhancement measures established pursuant to subsection (h) which shall be carried out and paid for by the exemption applicant in implementing the agency action.'' 16 U.S.C. 1536(*l*)(1). The Order need not specify any such mitigation and enhancement measures here because the application and other related requirements do not apply. The mitigation-and-enhancement requirement contemplates an application and an ''exemption applicant,'' which are not present in this situation where the Secretary of War determines that an exemption is necessary for reasons of national security. But even if the requirement applied, it would be satisfied here based on mitigation measures included in the Secretary of War's findings. Specifically, the agency action that is the subject of the Secretary of War's findings includes the avoidance or minimization measures described in NMFS's 2025 biological

**Federal Register** / Vol. 91, No. 64 / Friday, April 3, 2026 / Notices **16967**

opinion and in FWS's 2018 and 2025 consultation documents.

The Committee understands that any person may obtain judicial review of this decision, which is made under 16 U.S.C. 1536(h), ''in the United States Court of Appeals for . . . any circuit wherein the agency action concerned will be, or is being, carried out.'' 16 U.S.C. 1536(n). Here, the agency action is being carried out in the federal waters of the Gulf of America and state waters and lands, including coastal areas, ports, airspaces, and waterways, which means that a person may obtain judicial review exclusively in the U.S. Courts of Appeals for the Fifth or Eleventh Circuits. If this decision is challenged in litigation, the Committee designates attorneys at the U.S. Department of Justice to appear for and represent the Committee. 16 U.S.C. 1536(n).

### Order

On the basis of the decision and findings stated above, the Committee grants an exemption for Gulf of America Oil and Gas Activities, which include the avoidance or minimization measures described in NMFS's 2025 biological opinion and in FWS's 2018 and 2025 consultation decisions.

This decision and order are effective immediately.

Dated: March 31, 2026.

**Doug Burgum,**
*Secretary of the Interior.*

**Dan Driscoll,**
*Secretary of the Army.*

**Lee Zeldin,**
*Administrator of Environmental Protection Agency.*

**Brooke Rollins,**
*Secretary of Agriculture.*

**Pierre Yared,**
*Acting Chairman of the Council of Economic Advisors.*

**Neil Jacobs,**
*Under Secretary of Commerce for Oceans and Atmosphere and National Oceanic Atmospheric Administration Administrator.*

[FR Doc. 2026–06458 Filed 4–2–26; 8:45 am]

**BILLING CODE 4334–63–P**

---

## INTERNATIONAL TRADE COMMISSION

**[Investigation Nos. 701–TA–767 and 731–TA–1750 (Final)]**

### L-Lysine From China; Scheduling of the Final Phase of Countervailing Duty and Antidumping Duty Investigations

**AGENCY:** United States International Trade Commission.

**ACTION:** Notice.

**SUMMARY:** The Commission hereby gives notice of the scheduling of the final phase of antidumping and countervailing duty investigation Nos. 701–TA–767 and 731–TA–1750 (Final) pursuant to the Tariff Act of 1930 to determine whether an industry in the United States is materially injured or threatened with material injury, or the establishment of an industry in the United States is materially retarded, by reason of imports of animal feed-grade l-lysine from China, provided for in subheading 2922.41.00 of the Harmonized Tariff Schedule of the United States, preliminarily determined by the Department of Commerce (''Commerce'') to be subsidized and sold at less-than-fair-value.

**DATES:** March 6, 2026.

**FOR FURTHER INFORMATION CONTACT:** Caitlyn Costello ((202) 205–2058), Office of Investigations, U.S. International Trade Commission, 500 E Street SW, Washington, DC 20436. Hearing-impaired persons can obtain information on this matter by contacting the Commission's TDD terminal on 202–205–1810. Persons with mobility impairments who will need special assistance in gaining access to the Commission should contact the Office of the Secretary at 202–205–2000. General information concerning the Commission may also be obtained by accessing its internet server (*https://www.usitc.gov*). The public record for these investigations may be viewed on the Commission's electronic docket (EDIS) at *https://edis.usitc.gov*.

**SUPPLEMENTARY INFORMATION:**

*Scope.*—For purposes of these investigations, Commerce has defined the subject merchandise as ''. . . animal feed grade L-lysine (lysine). Lysine is an essential amino acid added to animal feed that is used in the biosynthesis of proteins. The scope covers lysine regardless of form, including lysine monohydrochloride, also referred to as lysine HCL, lysine sulfate, and liquid lysine. The scope includes lysine that has been coated or encapsulated for use with ruminants to ensure bioavailability.

Lysine HCL in the dry form has the molecular formula $C_6 H_{14} N_2 O_2$ HCl. The Chemical Abstracts Service (CAS) registry number for lysine HCL is 657–27–2. Lysine HCL contains a minimum of 78 percent lysine by weight, as well as additional amino acids, carbohydrates, mineral salts, and organic acids. Lysine sulfate is the sulfate salt of lysine, and in the dry form it has the molecular formula $C_6 H_{16} N_2 O_6 S$. The CAS registry number for lysine sulfate is 60343–69–3. Lysine

sulfate typically contains approximately 40–70 percent lysine by weight, as well as additional amino acids, carbohydrates, mineral salts, and organic acids. Liquid lysine is a concentrated form of lysine in an aqueous solution with the molecular formula $C_6 H_{14} N_2 O_2$. The CAS registry number for liquid lysine is 56–87–1. Liquid lysine normally contains at least 50 percent lysine by weight, as well as additional amino acids, carbohydrates, mineral salts, and organic acids.

The scope includes animal feed grade lysine that is combined with other products, including for example, by mixing, blending, compounding, or granulating (*e.g.,* base mixes, premixes, and concentrates). For such combined products, only the lysine component is covered by the scope of this investigation.

Subject merchandise also includes lysine that has been processed in a third country, including by commingling, diluting, adding or removing additives, refining, converting from liquid to dry or dry to liquid form, coating or encapsulating, or performing any processing that would not otherwise remove the merchandise from the scope of the investigation if performed in the subject country . . .''

*Background.*—The final phase of these investigations is being scheduled pursuant to sections 705(b) and 731(b) of the Tariff Act of 1930 (19 U.S.C. 1671d(b) and 1673d(b)), as a result of affirmative preliminary determinations by Commerce that certain benefits which constitute subsidies within the meaning of § 703 of the Act (19 U.S.C. 1671b) are being provided to manufacturers, producers, or exporters in China of animal feed-grade l-lysine, and that such products are being sold in the United States at less than fair value within the meaning of § 733 of the Act (19 U.S.C. 1673b). The investigations were requested in petitions filed on May 28, 2025, by Archer Daniels Midland Company, Chicago, IL (''ADM''), CJ Bio America, Inc. an Iowa corporation (''CJ America''), and Evonik Corporation, Piscataway, NJ (''Evonik'').

For further information concerning the conduct of this phase of the investigations, hearing procedures, and rules of general application, consult the Commission's Rules of Practice and Procedure, part 201, subparts A and B (19 CFR part 201), and part 207, subparts A and C (19 CFR part 207).

*Participation in the investigations and public service list.*—Persons, including industrial users of the subject merchandise and, if the merchandise is sold at the retail level, representative consumer organizations, wishing to

**General Docket**
**United States Court of Appeals for District of Columbia Circuit**

| | |
|---|---|
| **Court of Appeals Docket #:** 26-1079 | **Docketed:** 04/03/2026 |
| Natural Resources Defense Council, Inc. v. Douglas Burgum, et al | |
| **Appeal From:** Department of Interior | |
| **Fee Status:** Fee Paid | |

**Case Type Information:**
   **1)** Petition for Review
   **2)** Review
   **3)**

**Originating Court Information:**
   **District:** DOI-1 : DOI-91FR16966

**Prior Cases:**
   None

**Current Cases:**

| | **Lead** | **Member** | **Start** | **End** |
|---|---|---|---|---|
| Consolidation | | | | |
| | 26-1079 | 26-1085 | 04/16/2026 | |

**Panel Assignment:**   Not available

---

| | |
|---|---|
| Natural Resources Defense Council, Inc.<br>     Petitioner | Kate Desormeau<br>Direct: 415-875-6158<br>Email: kdesormeau@nrdc.org<br>[COR LD NTC Retained]<br>Natural Resources Defense Council<br>111 Sutter Street<br>21st Floor<br>San Francisco, CA 94104-4540 |
|     v. | |
| Douglas Burgum, Secretary of the Interior, in his official capacity as Chair and Member of the Endangered Species Committee<br>     Respondent | Christopher Anderson<br>Direct: 202-598-1971<br>Email: christopher.anderson3@usdoj.gov<br>Fax: 202-353-1873<br>[COR LD NTC Gvt US DOJ]<br>U.S. Department of Justice<br>(DOJ) Environment and Natural Resources Division<br>Firm: 202-514-2000<br>PO Box 7415, Ben Franklin Station<br>Washington, DC 20044-7415 |
| Brooke Rollins, Secretary of Agriculture, in her official capacity as a Member of the Endangered Species Committee<br>     Respondent | Christopher Anderson<br>Direct: 202-598-1971<br>[COR LD NTC Gvt US DOJ]<br>(see above) |
| Daniel Driscoll, Secretary of the Army, in his official capacity as a Member of the Endangered Species Committee<br>     Respondent | Christopher Anderson<br>Direct: 202-598-1971<br>[COR LD NTC Gvt US DOJ]<br>(see above) |
| Pierre Yared, Acting Chair of the Council of Economic Advisors, in his official capacity as a Member of the Endangered Species Committee<br>     Respondent | Christopher Anderson<br>Direct: 202-598-1971<br>[COR LD NTC Gvt US DOJ]<br>(see above) |
| Lee M. Zeldin, Administrator of the Environmental Protection Agency, in his official capacity as a Member of the Endangered Species Committee<br>     Respondent | Christopher Anderson<br>Direct: 202-598-1971<br>[COR LD NTC Gvt US DOJ]<br>(see above) |

| Neil Jacobs, Administrator of the National Oceanic and Atmospheric Administration, in his official capacity as a Member of the Endangered Species Committee<br><br>Respondent | Christopher Anderson<br>Direct: 202-598-1971<br>[COR LD NTC Gvt US DOJ]<br>(see above) |

Natural Resources Defense Council, Inc.,

        Petitioner

    v.

Douglas Burgum, Secretary of the Interior, in his official capacity as Chair and Member of the Endangered Species Committee; Brooke Rollins, Secretary of Agriculture, in her official capacity as a Member of the Endangered Species Committee; Daniel Driscoll, Secretary of the Army, in his official capacity as a Member of the Endangered Species Committee; Pierre Yared, Acting Chair of the Council of Economic Advisors, in his official capacity as a Member of the Endangered Species Committee; Lee M. Zeldin, Administrator of the Environmental Protection Agency, in his official capacity as a Member of the Endangered Species Committee; Neil Jacobs, Administrator of the National Oceanic and Atmospheric Administration, in his official capacity as a Member of the Endangered Species Committee,

        Respondents

| 04/03/2026 | ☐ | PETITION FOR REVIEW CASE docketed. [26-1079] [Entered: 04/03/2026 04:19 PM] |
| 04/03/2026 | ☐ ▤<br>8 pg, 157.47 KB | PETITION FOR REVIEW [2167070] of a decision by federal agency filed by Natural Resources Defense Council, Inc. [Service Date: 04/03/2026 ] Disclosure Statement: Attached. [26-1079] [Entered: 04/03/2026 04:21 PM] |
| 04/03/2026 | ☐ ▤<br>1 pg, 38.26 KB | CERTIFIED COPY [2167072] of Petition for Review sent to respondent [2167070-2] [26-1079] [Entered: 04/03/2026 04:22 PM] |
| 04/03/2026 | ☐ ▤<br>2 pg, 44.34 KB | CLERK'S ORDER [2167075] filed directing party to file initial submissions: PETITIONER docketing statement due 05/04/2026. PETITIONER certificate as to parties due 05/04/2026. PETITIONER statement of issues due 05/04/2026. PETITIONER underlying decision due 05/04/2026. PETITIONER deferred appendix statement due 05/04/2026. PETITIONER procedural motions due 05/04/2026. PETITIONER dispositive motions due 05/18/2026; directing party to file initial submissions: RESPONDENT entry of appearance due 05/04/2026. RESPONDENT procedural motions due 05/04/2026. RESPONDENT certified index to record due 05/18/2026. RESPONDENT dispositive motions due 05/18/2026 [26-1079] [Entered: 04/03/2026 04:27 PM] |
| 04/08/2026 | ☐ ▤<br>1 pg, 73.13 KB | ENTRY OF APPEARANCE [2167636] filed by Christopher Anderson on behalf of Respondents Douglas Burgum, Daniel Driscoll, Neil Jacobs, Brooke Rollins, Pierre Yared and Lee M. Zeldin. [26-1079] (Anderson, Christopher) [Entered: 04/08/2026 03:12 PM] |
| 04/16/2026 | ☐ ▤<br>1 pg, 39.4 KB | CLERK'S ORDER [2169004] filed consolidating cases 26-1085 (Consolidation started 04/16/2026) with 26-1079; directing party to file in 26-1085 initial submissions: PETITIONER docketing statement due 05/18/2026. PETITIONER statement of issues due 05/18/2026 [26-1079, 26-1085] [Entered: 04/16/2026 01:35 PM] |

Select All     Clear All

◉ **Documents and Docket Summary**
○ **Documents Only**

☑ **Include Page Numbers**

**Selected Pages:** 0          **Selected Size:** 0 KB

View Selected

---

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| DC Circuit (USCA) - 04/16/2026 13:42:39 | | | |
| **PACER Login:** | cpanders0725 | **Client Code:** | ESC |
| **Description:** | Docket Report (full) | **Search Criteria:** | 26-1079 |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

AMERICAN ENERGY ASSOCIATION,

*Petitioner,*

v.

DOUG BURGUM, Secretary of the Interior, in his official capacities as CHAIR and MEMBER of the ENDANGERED SPECIES COMMITTEE;

BROOKE ROLLINS, Secretary of Agriculture, in her official capacity as a MEMBER of the ENDANGERED SPECIES COMMITTEE;

DANIEL DRISCOLL, Secretary of the Army, in his official capacity as a MEMBER of the ENDANGERED SPECIES COMMITTEE;

PIERRE YARED, Acting Chair of the Council of Economic Advisors, in his official capacity as a MEMBER of the ENDANGERED SPECIES COMMITTEE;

LEE ZELDIN, Administrator of the Environmental Protection Agency, in his official capacity as a MEMBER of the ENDANGERED SPECIES COMMITTEE; and

NEIL JACOBS, Administrator of the National Oceanic and Atmospheric Administration, in his official capacity as a MEMBER of the ENDANGERED SPECIES COMMITTEE,

*Respondents.*



U.S. COURT OF APPEALS
RECEIVED
**Apr 13, 2026**
FIFTH CIRCUIT

No. 26-_____

## PETITION FOR REVIEW

Pursuant to Federal Rule of Appellate Procedure 15(a), 16 U.S.C. § 1536(h), and 28 U.S.C. § 2112, Petitioner American Energy Association petitions for review of a final action, entitled "Notice," published by Respondents in the Federal Register on April 3, 2026, at 91 Fed. Reg. 16,966. A copy of the final action is attached to this petition.

The Notice provides that "the agency action is being carried out in the federal waters of the Gulf of America and state waters and lands, including coastal areas, ports, airspaces, and waterways, which means that a person may obtain judicial review exclusively in the U.S. Courts of Appeals for the Fifth or Eleventh Circuits." *Id.* at 16,967. Pursuant to 16 U.S.C. § 1536(h), "a copy of such petition shall be transmitted by the clerk of the court to the Committee."

Dated: April 13, 2026

Respectfully submitted,

/s/ James R. Conde
JAMES R. CONDE
  *Counsel of Record*
BOYDEN GRAY PLLC
800 Connecticut Avenue, #900
Washington, DC 20006
(202) 955-0620
jconde@boydengray.com
*Counsel for Petitioner*

2

# CORPORATE DISCLOSURE STATEMENT

In accordance with Rule 26.1 of the Federal Rules of Appellate Procedure, Petitioner makes the following disclosures: Petitioner American Energy Association is a non-profit membership organization. Petitioner has no parent corporation, and no publicly held corporation has a ten percent or greater ownership interest in Petitioner.

Dated: April 13, 2026

Respectfully submitted,

/s/ James R. Conde
*Counsel for Petitioner*

# CERTIFICATE OF SERVICE

In accordance with Federal Rule of Appellate Procedure 25, and 28 U.S.C. U.S.C. § 2112, the undersigned certifies that, on April 13, 2026, copies of this Petition for Review were served on the following Respondents and their counsel via U.S. first-class mail certified mail:

DOUG BURGUM
 Secretary of the Interior
1849 C Street NW
Washington, .D.C. 20240

BROOKE ROLLINS
Secretary of Agriculture
1400 Independence Ave SW
Washington, D.C. 20250

DANIEL DRISCOLL
Secretary of the Army
101 Army Pentagon
Washington, D.C. 20310

PIERRE YARED
Acting Chair of the Council of Economic Advisors
1600 Pennsylvania Ave NW Washington, D.C. 20500

LEE ZELDIN
Administrator of the Environmental Protection Agency
1200 Pennsylvania Ave NW
Washington, D.C. 20460

NEIL JACOBS,
Administrator of the National Oceanic and Atmospheric Administration,
1401 Constitution Ave NW
Washington, D.C. 20230

Dated: April 13, 2026

Respectfully submitted,

/s/ James R. Conde
*Counsel for Petitioner*

Institutes of Health, Rockledge II, 6701 Rockledge Drive, Bethesda, MD 20892 which was published in the **Federal Register** on March 27, 2026, FR Doc No. 2026–059579, FR 14861.

This meeting is being amended to change the meeting date from April 16th–April 17th 2026 to July 9th–July 10th 2026. The meeting is closed to the public.

Dated: March 31, 2026,

**Rosalind M. Niamke,**

*Program Analyst, Office of Federal Advisory Committee Policy.*

[FR Doc. 2026–06486 Filed 4–2–26; 8:45 am]

**BILLING CODE 4140–01–P**

---

**DEPARTMENT OF THE INTERIOR**

**DEPARTMENT OF THE ARMY**

**ENVIRONMENTAL PROTECTION AGENCY**

**DEPARTMENT OF AGRICULTURE**

**DEPARTMENT OF COMMERCE**

**Endangered Species Committee**

**AGENCY:** Office of the Secretary, Interior; Department of the Army; Environmental Protection Agency; Department of Agriculture; Council of Economic Advisors, Executive Office of the President; Department of Commerce.

**ACTION:** Notice.

**SUMMARY:** The Endangered Species Committee held a public meeting on Tuesday, March 31, 2026, in Washington, DC, to address the Secretary of War's finding that it is necessary for reasons of national security to exempt Gulf of America Oil and Gas Activities (defined below) from the requirements of the Endangered Species Act. By unanimous vote, the Committee exempted under section 7(h) of the Endangered Species Act the Gulf of America Oil and Gas Activities, which include the avoidance or minimization measures described in the National Marine Fisheries Service's (NMFS) 2025 biological opinion and in the U.S. Fish and Wildlife Service's (FWS) 2018 and 2025 consultation decisions.

**SUPPLEMENTARY INFORMATION:** A notice in the March 16, 2026 **Federal Register**, 91 FR 12672, advised that the Secretary of the Interior, who is also the Chairman of the Endangered Species Committee, had called a meeting of the Endangered Species Committee for Tuesday, March 31, 2026, in Washington, DC, with the meeting open to the public through livestreaming.

**Decision**

On March 13, 2026, the Chairman of the Endangered Species Committee received from the Secretary of War a March 13, 2026 Letter regarding the Endangered Species Act. The Secretary of War notified the Chairman that he found it necessary for reasons of national security that the Endangered Species Committee grant an exemption from the Endangered Species Act's requirements for the agency action reviewed in NMFS's 2025 biological opinion and in FWS's 2018 and 2025 consultation decisions. That agency action is defined in the Secretary of War's National Security Findings (paragraphs 90 and 103) and covers all oil and gas exploration, development, and production activities associated with the Bureau of Ocean Energy Management's (BOEM) and the Bureau of Safety and Environmental Enforcement's (BSEE) Outer Continental Shelf Oil and Gas Program.[1] The agency action is referred to here as "Gulf of America Oil and Gas Activities." The Gulf of America Oil and Gas Activities include both the oil and gas exploration, development, and production activities, as well as the avoidance or minimization measures that are described in the agency action analyzed in NMFS's 2025 biological opinion and in FWS's 2018 and 2025 consultation decisions.

Section 7(j) of the Endangered Species Act provides: "Notwithstanding any other provision of this chapter, the Committee shall grant an exemption for any agency action if the Secretary of [War] finds that such exemption is necessary for reasons of national security." 16 U.S.C. 1536(j). The Secretary of War, after making this finding, requested that the Chairman convene a meeting of the Endangered Species Committee as soon as practicable to grant an exemption to safeguard and protect the national security. The Chairman then called a meeting for March 31, 2026, and the Committee convened that day.

Based on the Secretary of War's National Security Findings, the Committee grants pursuant to section 7(h) an exemption from the requirements of the Endangered Species Act for Gulf of America Oil and Gas Activities. 16 U.S.C. 1536(h). With this exemption, the federal agencies implementing the Gulf of America Oil and Gas Activities are not required to comply with the section 7(a)(2) procedural consultation and substantive

---

[1] The Secretary of War attached his National Security Findings to the March 13 Letter that he sent to the Chairman.

"jeopardy" and "adverse modification" mandates when they authorize, fund, or carry out covered agency actions. 16 U.S.C. 1536(h). Further, any action that would ordinarily be considered a take shall not be prohibited under the Endangered Species Act. 16 U.S.C. 1536(o)(1). This exemption applies to the full scope of the Gulf of America Oil and Gas Activities, and for the duration of those actions. Because the covered agency action includes robust avoidance or minimization measures, those measures shall continue to be implemented under this Order.

The Committee recognizes that the Endangered Species Act sets out a process for the Committee to consider an application for an exemption and standards for the Committee to apply when considering an application. 16 U.S.C. 1536(g), (h)(1). The Committee concludes that these other provisions of Section 7, including the application requirements and standards, do not apply when the Secretary of War finds that an exemption is necessary for reasons of national security. When the Secretary of War makes such a finding, the statute and regulations require the Committee to grant an exemption "[n]otwithstanding any other provision of this chapter." 16 U.S.C. 1536(j); 50 CFR 453.03(d). "[A]ny other provision" includes the application requirements and standards, and all other provisions in the Endangered Species Act.

The Endangered Species Act also states: "If the Committee determines under subsection (h) that an exemption should be granted with respect to any agency action, the Committee shall issue an order granting the exemption and specifying the mitigation and enhancement measures established pursuant to subsection (h) which shall be carried out and paid for by the exemption applicant in implementing the agency action." 16 U.S.C. 1536(*l*)(1). The Order need not specify any such mitigation and enhancement measures here because the application and other related requirements do not apply. The mitigation-and-enhancement requirement contemplates an application and an "exemption applicant," which are not present in this situation where the Secretary of War determines that an exemption is necessary for reasons of national security. But even if the requirement applied, it would be satisfied here based on mitigation measures included in the Secretary of War's findings. Specifically, the agency action that is the subject of the Secretary of War's findings includes the avoidance or minimization measures described in NMFS's 2025 biological

Case 2:26-cv-00240P  Document 1-1  Page: 7  Date Filed: 04/13/2026
USCA Case #26-1085    Document #2169009    Filed: 04/16/2026    Page 26 of 36

**Federal Register** / Vol. 91, No. 64 / Friday, April 3, 2026 / Notices **16967**

opinion and in FWS's 2018 and 2025 consultation documents.

The Committee understands that any person may obtain judicial review of this decision, which is made under 16 U.S.C. 1536(h), "in the United States Court of Appeals for . . . any circuit wherein the agency action concerned will be, or is being, carried out." 16 U.S.C. 1536(n). Here, the agency action is being carried out in the federal waters of the Gulf of America and state waters and lands, including coastal areas, ports, airspaces, and waterways, which means that a person may obtain judicial review exclusively in the U.S. Courts of Appeals for the Fifth or Eleventh Circuits. If this decision is challenged in litigation, the Committee designates attorneys at the U.S. Department of Justice to appear for and represent the Committee. 16 U.S.C. 1536(n).

### Order

On the basis of the decision and findings stated above, the Committee grants an exemption for Gulf of America Oil and Gas Activities, which include the avoidance or minimization measures described in NMFS's 2025 biological opinion and in FWS's 2018 and 2025 consultation decisions.

This decision and order are effective immediately.

Dated: March 31, 2026.

**Doug Burgum,**
*Secretary of the Interior.*

**Dan Driscoll,**
*Secretary of the Army.*

**Lee Zeldin,**
*Administrator of Environmental Protection Agency.*

**Brooke Rollins,**
*Secretary of Agriculture.*

**Pierre Yared,**
*Acting Chairman of the Council of Economic Advisors.*

**Neil Jacobs,**
*Under Secretary of Commerce for Oceans and Atmosphere and National Oceanic Atmospheric Administration Administrator.*

[FR Doc. 2026–06458 Filed 4–2–26; 8:45 am]

**BILLING CODE 4334–63–P**

---

## INTERNATIONAL TRADE COMMISSION

**[Investigation Nos. 701–TA–767 and 731–TA–1750 (Final)]**

### L-Lysine From China; Scheduling of the Final Phase of Countervailing Duty and Antidumping Duty Investigations

**AGENCY:** United States International Trade Commission.

**ACTION:** Notice.

**SUMMARY:** The Commission hereby gives notice of the scheduling of the final phase of antidumping and countervailing duty investigation Nos. 701–TA–767 and 731–TA–1750 (Final) pursuant to the Tariff Act of 1930 to determine whether an industry in the United States is materially injured or threatened with material injury, or the establishment of an industry in the United States is materially retarded, by reason of imports of animal feed-grade l-lysine from China, provided for in subheading 2922.41.00 of the Harmonized Tariff Schedule of the United States, preliminarily determined by the Department of Commerce ("Commerce") to be subsidized and sold at less-than-fair-value.

**DATES:** March 6, 2026.

**FOR FURTHER INFORMATION CONTACT:** Caitlyn Costello ((202) 205–2058), Office of Investigations, U.S. International Trade Commission, 500 E Street SW, Washington, DC 20436. Hearing-impaired persons can obtain information on this matter by contacting the Commission's TDD terminal on 202–205–1810. Persons with mobility impairments who will need special assistance in gaining access to the Commission should contact the Office of the Secretary at 202–205–2000. General information concerning the Commission may also be obtained by accessing its internet server (*https://www.usitc.gov*). The public record for these investigations may be viewed on the Commission's electronic docket (EDIS) at *https://edis.usitc.gov.*

**SUPPLEMENTARY INFORMATION:**

*Scope.*—For purposes of these investigations, Commerce has defined the subject merchandise as ". . . animal feed grade L-lysine (lysine). Lysine is an essential amino acid added to animal feed that is used in the biosynthesis of proteins. The scope covers lysine regardless of form, including lysine monohydrochloride, also referred to as lysine HCL, lysine sulfate, and liquid lysine. The scope includes lysine that has been coated or encapsulated for use with ruminants to ensure bioavailability.

Lysine HCL in the dry form has the molecular formula $C_6 H_{14} N_2 O_2$ HCl. The Chemical Abstracts Service (CAS) registry number for lysine HCL is 657–27–2. Lysine HCL contains a minimum of 78 percent lysine by weight, as well as additional amino acids, carbohydrates, mineral salts, and organic acids. Lysine sulfate is the sulfate salt of lysine, and in the dry form it has the molecular formula $C_6 H_{16} N_2 O_6 S$. The CAS registry number for lysine sulfate is 60343–69–3. Lysine

sulfate typically contains approximately 40–70 percent lysine by weight, as well as additional amino acids, carbohydrates, mineral salts, and organic acids. Liquid lysine is a concentrated form of lysine in an aqueous solution with the molecular formula $C_6 H_{14} N_2 O_2$. The CAS registry number for liquid lysine is 56–87–1. Liquid lysine normally contains at least 50 percent lysine by weight, as well as additional amino acids, carbohydrates, mineral salts, and organic acids.

The scope includes animal feed grade lysine that is combined with other products, including for example, by mixing, blending, compounding, or granulating (*e.g.,* base mixes, premixes, and concentrates). For such combined products, only the lysine component is covered by the scope of this investigation.

Subject merchandise also includes lysine that has been processed in a third country, including by commingling, diluting, adding or removing additives, refining, converting from liquid to dry or dry to liquid form, coating or encapsulating, or performing any processing that would not otherwise remove the merchandise from the scope of the investigation if performed in the subject country . . ."

*Background.*—The final phase of these investigations is being scheduled pursuant to sections 705(b) and 731(b) of the Tariff Act of 1930 (19 U.S.C. 1671d(b) and 1673d(b)), as a result of affirmative preliminary determinations by Commerce that certain benefits which constitute subsidies within the meaning of § 703 of the Act (19 U.S.C. 1671b) are being provided to manufacturers, producers, or exporters in China of animal feed-grade l-lysine, and that such products are being sold in the United States at less than fair value within the meaning of § 733 of the Act (19 U.S.C. 1673b). The investigations were requested in petitions filed on May 28, 2025, by Archer Daniels Midland Company, Chicago, IL ("ADM"), CJ Bio America, Inc. an Iowa corporation ("CJ America"), and Evonik Corporation, Piscataway, NJ ("Evonik").

For further information concerning the conduct of this phase of the investigations, hearing procedures, and rules of general application, consult the Commission's Rules of Practice and Procedure, part 201, subparts A and B (19 CFR part 201), and part 207, subparts A and C (19 CFR part 207).

*Participation in the investigations and public service list.*—Persons, including industrial users of the subject merchandise and, if the merchandise is sold at the retail level, representative consumer organizations, wishing to

# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

April 13, 2026

Mr. Dimple Chaudhary
Environmental Protection Agency
Office of General Counsel
1200 Pennsylvania Avenue, N.W.
William Jefferson Clinton Building
Mail Code 2310A
Washington, DC 20460-0003

> No. 26-60240    American Energy v. Burgum
>                  Agency No. 91 Fed. Reg. 16,966

Dear Mr. Chaudhary,

You are served with the following document(s) under Fed. R. App. P. 15:

Petition for Review.

**Special Guidance for Filing the Administrative Record**: Pursuant to 5th Cir. R. 25.2, Electronic Case Filing (ECF) is mandatory for all counsel.  Agencies responsible for filing the administrative record with this court are requested to electronically file the record via CM/ECF using one or more of the following events as appropriate:

Electronic Administrative Record Filed;
Supplemental Electronic Administrative Record Filed;
Sealed Electronic Administrative Record Filed; or
Sealed Supplemental Electronic Administrative Record Filed.

Electronic records must meet the requirements listed below. Records that do not comply with these requirements will be rejected.

- Max file size 20 megabytes per upload.
- Where multiple uploads are needed, describe subsequent files as "Volume 2", "Volume 3", etc.
- Individual documents should remain intact within the same file/upload, when possible.
- Supplemental records must contain the supplemental documents only.  No documents contained within the original record should be duplicated.

Electronic records are automatically paginated for the benefit of counsel and the court and provide an accurate means of citing to the record in briefs.  A copy of the paginated electronic record is provided to all counsel at the time of filing via a Notice of Docket Activity (NDA).  Upon receipt, counsel should save a copy of the paginated record to their local computer.

Agencies unable to provide the administrative record via docketing in CM/ECF may instead provide a copy of the record on a flash drive or CD which we will use to upload and paginate the record.

If the agency intends to file a certified list in lieu of the administrative record, it is *required* to be filed electronically. Paper filings will not be accepted.  See Fed. R. App. P. 16 and 17 as to the composition and time for the filing of the record.

ATTENTION ATTORNEYS:  Attorneys are required to be a member of the Fifth Circuit Bar and to register for Electronic Case Filing.  You may access the "Application and Oath for Admission" form at: www.ca5.uscourts.gov.  Information on Electronic Case Filing is also available on our site.

We recommend that you visit the Fifth Circuit's website, www.ca5.uscourts.gov and review material that will assist you during the appeal process.  We especially call to your attention the Practitioner's Guide and the 5th Circuit Appeal Flow Chart, located in the Forms, Fees, and Guides tab.

Counsel who desire to appear in this case must electronically file a "Form for Appearance of Counsel" within 14 days from this date. You must name each party you represent, see Fed. R. App. P. and 5th Cir. R. 12.  The form is available from the Fifth Circuit's website, www.ca5.uscourts.gov.  If you fail to electronically file the form, we will remove your name from our docket.

**Special guidance regarding filing certain documents:**

General Order No. 2021-1, dated January 15, 2021, requires parties to file in paper highly sensitive documents (HSD) that would ordinarily be filed under seal in CM/ECF.  This includes documents likely to be of interest to the intelligence service of a foreign government and whose use or disclosure by a hostile foreign government would likely cause significant harm to the United States or its interests.  Before uploading any matter as a sealed filing, ensure it has not been designated as HSD by a district court and does not qualify as HSD under General Order No. 2021-1.

A party seeking to designate a document as highly sensitive in the first instance or to change its designation as HSD must do so by motion. Parties are required to contact the Clerk's office for guidance before filing such motions.

**Sealing Documents on Appeal:**  Our court has a strong presumption of public access to our court's records, and the court scrutinizes any request by a party to seal pleadings, record excerpts, or other documents on our court docket.  Counsel moving to seal matters must explain in particularity the necessity for sealing in our court.  Counsel do not satisfy this burden by simply stating that the originating court sealed the matter, as the circumstances that

justified sealing in the originating court may have changed or may not apply in an appellate proceeding.   It is the obligation of counsel to justify a request to file under seal, just as it is their obligation to notify the court whenever sealing is no longer necessary.   An unopposed motion to seal does not obviate a counsel's obligation to justify the motion to seal.

Sincerely,

LYLE W. CAYCE, Clerk

*Christy Combel*

By: _____
Christy M. Combel, Deputy Clerk
504-310-7651

Enclosure(s)

cc w/encl:
    Mr. David Bernhardt,
        Secretary, U.S. Department of the Interior

    Mr. James Conde

Provided below is the court's official caption.  Please review the parties listed and advise the court immediately of any discrepancies.  If you are required to file an appearance form, a complete list of the parties should be listed on the form exactly as they are listed on the caption.

_____

Case No. 26-60240

_____

American Energy Association,

    Petitioner

v.

Doug Burgum, Secretary of the Interior, in his official capacities as Chair and Member of the Endangered Species Committee; Brooke Rollins, Secretary of Agriculture, in her official capacity as a Member of the Endangered Species Committee; Daniel Driscoll, Secretary of the Army, in his official capacity as a Member of the Endangered Species Committee; Pierre Yared, Acting Chair of the Council of Economic Advisors, in his official capacity as a Member of the Endangered Species Committee; Lee Zeldin, Administrator of the Environmental Protection Agency, in his official capacity as a Member of the Endangered Species Committee; Neil Jacobs, Administrator of the National Oceanic and Atmospheric Administration, in his official capacity as a Member of the Endangered Species Committee,

    Respondents

**General Docket**
**United States Court of Appeals for the Fifth Circuit**

| | |
|---|---|
| **Court of Appeals Docket #:** 26-60240 | **Docketed:** 04/13/2026 |
| American Energy v. Burgum | |
| **Appeal From:** Department of Interior | |
| **Fee Status:** Fee Paid | |

**Case Type Information:**
　**1)** Agency
　**2)** Petition for Review
　**3)**

**Originating Court Information:**
　**District:** DOI-1 : 91 Fed. Reg. 16,966

| **Date Decided:** | **Date Rec'd COA:** |
|---|---|
| 04/03/2026 | 04/13/2026 |

**Prior Cases:**
　None

**Current Cases:**
　None

**Panel Assignment:**　　Not available

---

| | |
|---|---|
| American Energy Association<br>　　Petitioner | James Conde<br>Direct: 646-266-4011<br>Email: jconde@boydengrayassociates.com<br>[NTC Retained]<br>Boyden Gray, P.L.L.C.<br>Suite 900<br>800 Connecticut Avenue, N.W.<br>Washington, DC 20006 |

v.

| | |
|---|---|
| Doug Burgum, Secretary of the Interior, in his official capacities as Chair and Member of the Endangered Species Committee<br>　　Respondent | Dimple Chaudhary<br>[NTC For Information Only]<br>Environmental Protection Agency<br>Office of General Counsel<br>Mail Code 2310A<br>1200 Pennsylvania Avenue, N.W.<br>William Jefferson Clinton Building<br>Washington, DC 20460-0003 |
| Brooke Rollins, Secretary of Agriculture, in her official capacity as a Member of the Endangered Species Committee<br>　　Respondent | Dimple Chaudhary<br>[NTC For Information Only]<br>(see above) |
| Daniel Driscoll, Secretary of the Army, in his official capacity as a Member of the Endangered Species Committee<br>　　Respondent | Dimple Chaudhary<br>[NTC For Information Only]<br>(see above) |
| Pierre Yared, Acting Chair of the Council of Economic Advisors, in his official capacity as a Member of the Endangered Species Committee<br>　　Respondent | Dimple Chaudhary<br>[NTC For Information Only]<br>(see above) |
| Lee Zeldin, Administrator of the Environmental Protection Agency, in his official capacity as a Member of the Endangered Species Committee<br>　　Respondent | Dimple Chaudhary<br>[NTC For Information Only]<br>(see above) |
| Neil Jacobs, Administrator of the National Oceanic and Atmospheric Administration, in his official capacity as a Member of the Endangered Species Committee<br>　　Respondent | Dimple Chaudhary<br>[NTC For Information Only]<br>(see above) |

American Energy Association,

      Petitioner

v.

Doug Burgum, Secretary of the Interior, in his official capacities as Chair and Member of the Endangered Species Committee; Brooke Rollins, Secretary of Agriculture, in her official capacity as a Member of the Endangered Species Committee; Daniel Driscoll, Secretary of the Army, in his official capacity as a Member of the Endangered Species Committee; Pierre Yared, Acting Chair of the Council of Economic Advisors, in his official capacity as a Member of the Endangered Species Committee; Lee Zeldin, Administrator of the Environmental Protection Agency, in his official capacity as a Member of the Endangered Species Committee; Neil Jacobs, Administrator of the National Oceanic and Atmospheric Administration, in his official capacity as a Member of the Endangered Species Committee,

      Respondents

| 04/13/2026 | ☐ 1 11 pg, 369.76 KB | AGENCY CASE docketed. Petition for review filed by Petitioner American Energy Association. Date received in 5th Circuit: 04/13/2026. Administrative Record due on 05/26/2026 [26-60240] (CMC) [Entered: 04/13/2026 11:54 AM] |
| 04/15/2026 | ☐ 4 | INITIAL CASE CHECK by Attorney Advisor complete. Action: Case OK to Process. [4] Initial AA Check Due satisfied. [26-60240] (MVM) [Entered: 04/15/2026 10:36 AM] |

4/16/26, 1:44 PM
Case Pending MCP No. 4     Document 1-4   26-60240 Docket   Filed 04/16/26     Page 15 of 15
USCA Case #26-1085     Document #2169009      Filed: 04/16/2026     Page 34 of 36

Select All    Clear All

🔘 **Documents and Docket Summary**
⚪ **Documents Only**

☐ **Include Page Numbers**

**Selected Pages:** 0     **Selected Size:** 0 KB

View Selected

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 5th Circuit - Appellate - 04/16/2026 12:44:25 | | | |
| **PACER Login:** | cpanders0725 | **Client Code:** | ESC |
| **Description:** | Docket Report (full) | **Search Criteria:** | 26-60240 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

Institutes of Health, Rockledge II, 6701 Rockledge Drive, Bethesda, MD 20892 which was published in the **Federal Register** on March 27, 2026, FR Doc No. 2026–059579, FR 14861.

This meeting is being amended to change the meeting date from April 16th–April 17th 2026 to July 9th–July 10th 2026. The meeting is closed to the public.

Dated: March 31, 2026,

**Rosalind M. Niamke,**
*Program Analyst, Office of Federal Advisory Committee Policy.*

[FR Doc. 2026–06486 Filed 4–2–26; 8:45 am]

**BILLING CODE 4140–01–P**

---

**DEPARTMENT OF THE INTERIOR**

**DEPARTMENT OF THE ARMY**

**ENVIRONMENTAL PROTECTION AGENCY**

**DEPARTMENT OF AGRICULTURE**

**DEPARTMENT OF COMMERCE**

**Endangered Species Committee**

**AGENCY:** Office of the Secretary, Interior; Department of the Army; Environmental Protection Agency; Department of Agriculture; Council of Economic Advisors, Executive Office of the President; Department of Commerce.

**ACTION:** Notice.

**SUMMARY:** The Endangered Species Committee held a public meeting on Tuesday, March 31, 2026, in Washington, DC, to address the Secretary of War's finding that it is necessary for reasons of national security to exempt Gulf of America Oil and Gas Activities (defined below) from the requirements of the Endangered Species Act. By unanimous vote, the Committee exempted under section 7(h) of the Endangered Species Act the Gulf of America Oil and Gas Activities, which include the avoidance or minimization measures described in the National Marine Fisheries Service's (NMFS) 2025 biological opinion and in the U.S. Fish and Wildlife Service's (FWS) 2018 and 2025 consultation decisions.

**SUPPLEMENTARY INFORMATION:** A notice in the March 16, 2026 **Federal Register**, 91 FR 12672, advised that the Secretary of the Interior, who is also the Chairman of the Endangered Species Committee, had called a meeting of the Endangered Species Committee for Tuesday, March 31, 2026, in Washington, DC, with the meeting open to the public through livestreaming.

**Decision**

On March 13, 2026, the Chairman of the Endangered Species Committee received from the Secretary of War a March 13, 2026 Letter regarding the Endangered Species Act. The Secretary of War notified the Chairman that he found it necessary for reasons of national security that the Endangered Species Committee grant an exemption from the Endangered Species Act's requirements for the agency action reviewed in NMFS's 2025 biological opinion and in FWS's 2018 and 2025 consultation decisions. That agency action is defined in the Secretary of War's National Security Findings (paragraphs 90 and 103) and covers all oil and gas exploration, development, and production activities associated with the Bureau of Ocean Energy Management's (BOEM) and the Bureau of Safety and Environmental Enforcement's (BSEE) Outer Continental Shelf Oil and Gas Program.[1] The agency action is referred to here as ''Gulf of America Oil and Gas Activities.'' The Gulf of America Oil and Gas Activities include both the oil and gas exploration, development, and production activities, as well as the avoidance or minimization measures that are described in the agency action analyzed in NMFS's 2025 biological opinion and in FWS's 2018 and 2025 consultation decisions.

Section 7(j) of the Endangered Species Act provides: ''Notwithstanding any other provision of this chapter, the Committee shall grant an exemption for any agency action if the Secretary of [War] finds that such exemption is necessary for reasons of national security.'' 16 U.S.C. 1536(j). The Secretary of War, after making this finding, requested that the Chairman convene a meeting of the Endangered Species Committee as soon as practicable to grant an exemption to safeguard and protect the national security. The Chairman then called a meeting for March 31, 2026, and the Committee convened that day.

Based on the Secretary of War's National Security Findings, the Committee grants pursuant to section 7(h) an exemption from the requirements of the Endangered Species Act for Gulf of America Oil and Gas Activities. 16 U.S.C. 1536(h). With this exemption, the federal agencies implementing the Gulf of America Oil and Gas Activities are not required to comply with the section 7(a)(2) procedural consultation and substantive

---

[1] The Secretary of War attached his National Security Findings to the March 13 Letter that he sent to the Chairman.

''jeopardy'' and ''adverse modification'' mandates when they authorize, fund, or carry out covered agency actions. 16 U.S.C. 1536(h). Further, any action that would ordinarily be considered a take shall not be prohibited under the Endangered Species Act. 16 U.S.C. 1536(o)(1). This exemption applies to the full scope of the Gulf of America Oil and Gas Activities, and for the duration of those actions. Because the covered agency action includes robust avoidance or minimization measures, those measures shall continue to be implemented under this Order.

The Committee recognizes that the Endangered Species Act sets out a process for the Committee to consider an application for an exemption and standards for the Committee to apply when considering an application. 16 U.S.C. 1536(g), (h)(1). The Committee concludes that these other provisions of Section 7, including the application requirements and standards, do not apply when the Secretary of War finds that an exemption is necessary for reasons of national security. When the Secretary of War makes such a finding, the statute and regulations require the Committee to grant an exemption ''[n]otwithstanding any other provision of this chapter.'' 16 U.S.C. 1536(j); 50 CFR 453.03(d). ''[A]ny other provision'' includes the application requirements and standards, and all other provisions in the Endangered Species Act.

The Endangered Species Act also states: ''If the Committee determines under subsection (h) that an exemption should be granted with respect to any agency action, the Committee shall issue an order granting the exemption and specifying the mitigation and enhancement measures established pursuant to subsection (h) which shall be carried out and paid for by the exemption applicant in implementing the agency action.'' 16 U.S.C. 1536(*l*)(1). The Order need not specify any such mitigation and enhancement measures here because the application and other related requirements do not apply. The mitigation-and-enhancement requirement contemplates an application and an ''exemption applicant,'' which are not present in this situation where the Secretary of War determines that an exemption is necessary for reasons of national security. But even if the requirement applied, it would be satisfied here based on mitigation measures included in the Secretary of War's findings. Specifically, the agency action that is the subject of the Secretary of War's findings includes the avoidance or minimization measures described in NMFS's 2025 biological

opinion and in FWS's 2018 and 2025 consultation documents.

The Committee understands that any person may obtain judicial review of this decision, which is made under 16 U.S.C. 1536(h), ''in the United States Court of Appeals for . . . any circuit wherein the agency action concerned will be, or is being, carried out.'' 16 U.S.C. 1536(n). Here, the agency action is being carried out in the federal waters of the Gulf of America and state waters and lands, including coastal areas, ports, airspaces, and waterways, which means that a person may obtain judicial review exclusively in the U.S. Courts of Appeals for the Fifth or Eleventh Circuits. If this decision is challenged in litigation, the Committee designates attorneys at the U.S. Department of Justice to appear for and represent the Committee. 16 U.S.C. 1536(n).

### Order

On the basis of the decision and findings stated above, the Committee grants an exemption for Gulf of America Oil and Gas Activities, which include the avoidance or minimization measures described in NMFS's 2025 biological opinion and in FWS's 2018 and 2025 consultation decisions.

This decision and order are effective immediately.

Dated: March 31, 2026.

**Doug Burgum,**
*Secretary of the Interior.*

**Dan Driscoll,**
*Secretary of the Army.*

**Lee Zeldin,**
*Administrator of Environmental Protection Agency.*

**Brooke Rollins,**
*Secretary of Agriculture.*

**Pierre Yared,**
*Acting Chairman of the Council of Economic Advisors.*

**Neil Jacobs,**
*Under Secretary of Commerce for Oceans and Atmosphere and National Oceanic Atmospheric Administration Administrator.*

[FR Doc. 2026–06458 Filed 4–2–26; 8:45 am]

**BILLING CODE 4334–63–P**

---

## INTERNATIONAL TRADE COMMISSION

**[Investigation Nos. 701–TA–767 and 731–TA–1750 (Final)]**

### L-Lysine From China; Scheduling of the Final Phase of Countervailing Duty and Antidumping Duty Investigations

**AGENCY:** United States International Trade Commission.

**ACTION:** Notice.

**SUMMARY:** The Commission hereby gives notice of the scheduling of the final phase of antidumping and countervailing duty investigation Nos. 701–TA–767 and 731–TA–1750 (Final) pursuant to the Tariff Act of 1930 to determine whether an industry in the United States is materially injured or threatened with material injury, or the establishment of an industry in the United States is materially retarded, by reason of imports of animal feed-grade l-lysine from China, provided for in subheading 2922.41.00 of the Harmonized Tariff Schedule of the United States, preliminarily determined by the Department of Commerce (''Commerce'') to be subsidized and sold at less-than-fair-value.

**DATES:** March 6, 2026.

**FOR FURTHER INFORMATION CONTACT:** Caitlyn Costello ((202) 205–2058), Office of Investigations, U.S. International Trade Commission, 500 E Street SW, Washington, DC 20436. Hearing-impaired persons can obtain information on this matter by contacting the Commission's TDD terminal on 202–205–1810. Persons with mobility impairments who will need special assistance in gaining access to the Commission should contact the Office of the Secretary at 202–205–2000. General information concerning the Commission may also be obtained by accessing its internet server (*https://www.usitc.gov*). The public record for these investigations may be viewed on the Commission's electronic docket (EDIS) at *https://edis.usitc.gov.*

**SUPPLEMENTARY INFORMATION:**

*Scope.*—For purposes of these investigations, Commerce has defined the subject merchandise as ''. . . animal feed grade L-lysine (lysine). Lysine is an essential amino acid added to animal feed that is used in the biosynthesis of proteins. The scope covers lysine regardless of form, including lysine monohydrochloride, also referred to as lysine HCL, lysine sulfate, and liquid lysine. The scope includes lysine that has been coated or encapsulated for use with ruminants to ensure bioavailability.

Lysine HCL in the dry form has the molecular formula $C_6 H_{14} N_2 O_2$ HCl. The Chemical Abstracts Service (CAS) registry number for lysine HCL is 657–27–2. Lysine HCL contains a minimum of 78 percent lysine by weight, as well as additional amino acids, carbohydrates, mineral salts, and organic acids. Lysine sulfate is the sulfate salt of lysine, and in the dry form it has the molecular formula $C_6 H_{16} N_2 O_6 S$. The CAS registry number for lysine sulfate is 60343–69–3. Lysine sulfate typically contains approximately 40–70 percent lysine by weight, as well as additional amino acids, carbohydrates, mineral salts, and organic acids. Liquid lysine is a concentrated form of lysine in an aqueous solution with the molecular formula $C_6 H_{14} N_2 O_2$. The CAS registry number for liquid lysine is 56–87–1. Liquid lysine normally contains at least 50 percent lysine by weight, as well as additional amino acids, carbohydrates, mineral salts, and organic acids.

The scope includes animal feed grade lysine that is combined with other products, including for example, by mixing, blending, compounding, or granulating (*e.g.,* base mixes, premixes, and concentrates). For such combined products, only the lysine component is covered by the scope of this investigation.

Subject merchandise also includes lysine that has been processed in a third country, including by commingling, diluting, adding or removing additives, refining, converting from liquid to dry or dry to liquid form, coating or encapsulating, or performing any processing that would not otherwise remove the merchandise from the scope of the investigation if performed in the subject country . . .''

*Background.*—The final phase of these investigations is being scheduled pursuant to sections 705(b) and 731(b) of the Tariff Act of 1930 (19 U.S.C. 1671d(b) and 1673d(b)), as a result of affirmative preliminary determinations by Commerce that certain benefits which constitute subsidies within the meaning of § 703 of the Act (19 U.S.C. 1671b) are being provided to manufacturers, producers, or exporters in China of animal feed-grade l-lysine, and that such products are being sold in the United States at less than fair value within the meaning of § 733 of the Act (19 U.S.C. 1673b). The investigations were requested in petitions filed on May 28, 2025, by Archer Daniels Midland Company, Chicago, IL (''ADM''), CJ Bio America, Inc. an Iowa corporation (''CJ America''), and Evonik Corporation, Piscataway, NJ (''Evonik'').

For further information concerning the conduct of this phase of the investigations, hearing procedures, and rules of general application, consult the Commission's Rules of Practice and Procedure, part 201, subparts A and B (19 CFR part 201), and part 207, subparts A and C (19 CFR part 207).

*Participation in the investigations and public service list.*—Persons, including industrial users of the subject merchandise and, if the merchandise is sold at the retail level, representative consumer organizations, wishing to